UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN C. D.,[1]

                Plaintiff,

                                           **DECISION AND ORDER**

v.                                         1:18-cv-0838-JJM


COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        Before the court are plaintiff's motions [18, 22][2] for attorneys' fees in the amount of $6,284.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, and in the amount of $31,226.70 pursuant to 42 U.S.C. §406(b). The Commissioner filed a response to plaintiff's motion for fees under 42 U.S.C. §406(b) [20], and raised no objections to plaintiff's fee request. The parties filed a stipulation for EAJA attorney fees [17] agreeing that plaintiff should receive fees in the amount of $6,284.75. For the reasons discussed below, the plaintiff's motions are granted.

## BACKGROUND

        Plaintiff commenced this action on July 31, 2018, arguing that the Commissioner's denial of her claim for Social Security benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On April 3, 2020, I granted plaintiff's motion

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to CM/ECF docket entries. Unless otherwise noted, page references are to CM/ECF pagination.

for judgment on the pleadings and remanded the case to the Commissioner for further

proceedings consistent with my Decision and Order [15].

On May 26, 2021, an Administrative Law Judge ("ALJ") issued a decision

finding plaintiff disabled beginning May 21, 2014, and approving plaintiff's claim for benefits.

See Notice of Decision [18-3].  The fee arrangement between plaintiff and her attorneys is

governed by their Fee Petition Agreement.  See [18-2].  Pursuant to the fee agreement, "the

[a]ttorney will request a fee for services in the amount of 25% of past due benefits, payable to

the [c]lient and any auxiliary dependent beneficiaries".  Id. at 1.  I address plaintiff's motions in

turn below.

## ANALYSIS

### A.    Fees Under 42 U.S.C. §406(b)

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge claimants:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of 25 percent
> of the total of past-due benefits to which the claimant is entitled by
> reason of such judgment, and the Commissioner of Social Security
> may . . . certify the amount of such fee for payment to such attorney
> out of, and not in addition to, the amount of such past-due benefits.
> In case of any such judgment, no other fee may be payable or
> certified for payment for such representation except as provided in
> this paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to §406(b), this

court reviews both the timeliness of the motion and the reasonableness of the fee.  See, e.g.,

Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social

Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y.

2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020).  I

address each here in turn.

1.      **Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for

§406(b) fees in <u>Sinkler v. Berryhill</u>, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found

that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to

equitable tolling "until a benefits calculation is made on remand and notice thereof received by

the parties."  <u>Id.</u> at 89.  Accordingly, motions for benefits made within seventeen days (fourteen

days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice of Award for

benefits are timely.

Here, plaintiff's counsel filed her motion for fees on August 10, 2021 (*see* Notice

of Motion [18]), 17 days after the SSA issued its July 24, 2021 Notice of Award (*see* Notice of

Award [18-4]).  Accordingly, plaintiff's counsel timely filed the motion pursuant to <u>Sinkler</u>.

2.      **Is Plaintiff's Fee Request Reasonable?**

Here, the fee agreement between plaintiff and her attorney provides for an

attorney's fee of "in the amount of 25% of past due benefits payable to the [c]lient and any

auxiliary dependent beneficiaries".  Fee Petition Agreement [18-2].  The 25 percent fee is within

the cap provided by §406(b).  Further, the Commissioner does not object to the amount of fees

that plaintiff requests.  *See* Commissioner's Response [20] at 4-7.

That is not the end of the inquiry, however.  Section 406(b) "calls for court review

of such arrangements as an independent check, to assure that they yield reasonable results in

particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant

must show that the fee sought is reasonable for the services rendered."  <u>Gisbrecht v. Barnhart</u>,

---

[3] *See* <u>Sinkler</u>, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme

Court identified several factors that a court may consider.  First, courts may consider "the

character of the representation and the results the representative achieved."  Id.  Second, a

downward adjustment of the requested fee may be appropriate if the attorney was responsible for

a delay that resulted in an accumulation of additional benefits during pendency of the case.  Id.

Third, the court's review of an attorneys' records of time spent on the matter may  assist the

court to determine whether the requested fee is a windfall to the attorney.  Id.  In addition, the

Second Circuit states that courts in this district should also consider "whether there has been

fraud or overreaching in making the agreement".  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir.

1990).

       Here, plaintiff received competent and experienced representation.  Plaintiff's

attorney, Sarah A. Frederick, has experience in Social Security matters at both the district court

and administrative levels.  Memorandum in Support [18-1] at 12.  Ms. Frederick's experience

enabled her to efficiently brief and research the legal issues involved in this case.  Id.  Her work

on this matter yielded awards of past due benefits to plaintiff and plaintiff's daughter totaling

$124,906.80.  See Id. at 6.

       Second, there was no delay in resolution of this matter attributable to plaintiff's

attorneys.  Plaintiff did not request any extensions of time to make her filings in this case.  See

Docket.

       Third, compared to the number of hours spent working on this matter, the fee

requested by plaintiff's attorney is not a windfall.  Time records submitted with the motion

indicate a total of 31.3 hours of attorney time was spent on plaintiff's matter at the district court

level.[4]  *See* Time Sheet of Services Rendered [18-6]; *see also* Memorandum in Support [18-1] at

12.  The total fee requested results in an effective hourly rate of $997.66.[5]  Memorandum in

Support [18-1] at 13.  This hourly rate is higher than typical hourly rates charged in the Western

New York area.  However, this does not make the requested fee unreasonable.  "[E]nhancements

for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . .  In the

absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably

uncertain, and any reasonable fee award must take account of that risk."  Wells, 907 F.2d at 370-

71.

Moreover, after reviewing the fee request and supporting documentation, I find

that the requested fee is reasonable based on counsel's experience, the nature of the

representation provided, the contingent nature of the fee, and the favorable results achieved.  *See*

Gisbrecht, 535 U.S. at 807.   The effective hourly rate here is within the range of *de facto* hourly

rates resulting from similar social security contingent fee requests recently approved by courts in

this district.  *See e.g.* McDonald v. Commissioner of Social Security, 2019 WL 1375084, *3

(W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed

a persuasive brief that led to an award of benefits, and the hours he expended in doing so were

appropriate"); Campana v. Saul, 2020 WL 3957960, *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee

here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the

precedent cited in counsel's fee application and the incentive necessary for counsel to take

contingency-fee cases weigh in favor of approving the fee here"); Sims v. Commissioner of

---

[4]      The hours included in the submitted time records do not represent all the time Ms. Frederick
spent on this matter, as she also represented plaintiff at the administrative level.  Memorandum in Support
[18-1] at 14-15.
[5]      The effective hourly rate was calculated by dividing the requested fee ($31,226.70) ([18]) by the
total number of hours (31.3) documented in plaintiff's fee application ([18-6]).

Social Security, 2020 WL 812923, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); Salone v. Commissioner of Social Security, 2020 WL 1677374, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25); Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall where the attorney did not represent plaintiff at the administrative level and secured a stipulation to remand after filing plaintiff's brief).

**B.     EAJA Fees**

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  By obtaining a remand under the circumstances present in this case, plaintiff is the "prevailing party" for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the parties have stipulated to an amount does not relieve this court of the obligation to determine whether that amount is reasonable.  *See* Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A).  "The burden is on the Government to show that its position was substantially justified." Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988).  The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee".  The hourly rate may be adjusted to account for inflation as determined by the Consumer Price Index ("CPI"). See Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the [CPI]").  The stipulation provides plaintiff's counsel fees at an effective hourly rate of $200.79.[6]  This adjustment is appropriate. Moreover, I find the number of hours devoted to this case, as detailed in counsel's letter motion ([22-1]) to be reasonable. Therefore, I find no reason to second guess the fee amount to which the parties have stipulated.

EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).  While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to his or her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. See Kerr for Kerr v. Commissioner of Social

---

[6]      See CPI adjustment calculation. [22] at 2. The effective hourly rate was calculated by dividing the stipulated fee ($6,284.75) by the total number of hours (31.3) documented in plaintiff's fee application.

Security, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer").  Here, plaintiff's attorney has not submitted evidence of an assignment.  In any case, plaintiff's attorney agrees that any fees awarded to plaintiff under the EAJA should be paid to plaintiff in the event a fee I awarded under 42 U.S.C. §406(b).  *See* Memorandum in Support [18-1] at 5, 16.  Accordingly, I order that the EAJA fee award be made payable to plaintiff.

## CONCLUSION

The motions [18, 22] are granted.  The court awards plaintiff attorney's fees in the amount of $31,226.70 pursuant to 42 U.S.C. §406(b).  The Commissioner is directed to release these funds.  In addition, the court awards plaintiff attorney's fees in the amount of $6,284.75 pursuant to the EAJA, payable to plaintiff, but delivered to plaintiff's counsel.  I direct plaintiff's attorneys to send to plaintiff the $6,284.75 EAJA fees within 14 days of their receipt.

**SO ORDERED.**

Dated:  October 27, 2021

    /s/  Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge